FILED
DEC 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHEAL J. WEBB, #08785-084
        PLAINTIF,
FCC Petersburg Camp
POB 90027 Petersburg, VA 23804
P

HARLEY G. LAPPIN, DIR. OF B.O.P.
VANESSA ADEMS, WARDEN
MS. L. SHARPE
LARRY MOODY, UNIT MANAGER
DR. J. ALLEN, PA.
L. NEGRON, PA.
E. ~~PAGATON~~ PAGATON, PA. Pannageetra
RICHARD FORTH, PA
KIM WHITE,
WILLIAM PURYEAR,

CASE NUMBER  1:06CV02243

JUDGE: Henry H. Kennedy

DECK TYPE: Personal Injury/Malpracti

DATE STAMP: 12/29/2006

JURY ACTION

JURY TRIAL DEMANDED

## CIVIL RIGHTS COMPLAINT

COME NOW Plaintiff, Micheal J. Webb, pro se who complains against the defendants: Harley G. Lappin, 320 First Street N.W. Washington, DC 20534; Vanessa Adems, P.O. Box 1000 Petersburg, VA. 23804; Ms. L. Sharpe, P.O. Box 1000 Petersburg, VA. 23804; Larry Moody, P.O. Box 1000 Petersburg, VA. 23804; Dr. J. Allen, P.O. Box 1000 Petersburg, VA. 23804; Dr. L. Negron, P.O. Box 1000 Petersburg, VA. 23803; Dr. E. Pagaton, P.O. Box 1000 Petersburg, VA. 23804; Richard Fourth, P.O. Box 1000 Petersburg, VA. 23804; Kim White, 10010 Junction Drive Suite 100, N. Annapolis, MD; William Puryear, P.O. Box 1000 Petersburg, VA. 23804.

The defendants that address is located at the P.O. Box 1000 Petersburg, VA. 23804 can be served at the address of 1100 River Rd. Hopewell, VA. .

RECEIVED
NOV 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PRELIMARY STATEMENT

This is a civil rights complaint and a Federal Tort Claim Act Suit brought by a federal prisoner alleging retaliation for the excerise of First Amendment protected activity, violations of the Eighth Amendment's proscription against cruel and unusual punishment violations of Equal Protection Rights secured by virtue of the Fifth Amendment, and violation of Plaintiff's to be free from injury and/or negligence and deliberate indifferance under the Federal Tort Claims Act.

Plaintiff seeks normal, compensatory and punitive damages declaratory judgement relief, injuctive relief, and all cost associated with bringing and maintaining this action.

## JURISDICTION AND VENUE

Plaintiff invokes the court's jurisdiction pursuant to 28 U.S.C. § 1331.

(Federal Question) **Bivens v Six Unnamed Agents**, 403 U.S. 388 **(1971)**, Artical III, Sec. 2, Cl.1 and the First, Fifth and Eighth Amendment of the United States Constitution. Also,  28 U.S.C. § 1346 (b)(1) and 2671-2680.

This Court has supplemental jurisdiction pursuant to 18 U.S.C. § 241 and 42 U.S.C. § 1985 and 1986 in that Plaintiff alleges a conspiracy by the defendants to deprive him of his civil and constitutional rights.

Venue is proper pursuant to 28 U.S.C. § 1391. The lead defendnts is located in the Eastern District of Virginia, however of the defendants I'm including Harley Lappin, Director of the Federal

Bureau of Prison is located in Washington, DC.. Washington, DC is therefore the most convenient forum. Given that some of the Defendants are located beyond this courts 100 miles territorial jurisdiction, Plaintiff further invokes this court jurisdiction pursuant to 28 U.S.C. § 1331, diversity jurisdiction Plaintiff represent a prior; that his claims against the diversity defendants exceeds the minimum amount required by the statute.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997 (a), a prisoner must exhaust available administrative remedies prior to initiating suit, Plaintiff represents to the court that he has exhausted on every claim herein presented.

### PARTIES

(1) Defendant Harley G. Lappin is the Director of the B.O.P. Defendant Lappin is sued in both his individual and official capacity.

(2) Defendant Kim White is the Regional Director, Defendant White is being sued in both her individual and official capacity.

(3) Defendant Vanessa Adems is the Warden for FCC Petersburg, Defendant Adems is sued in both in her individual and official capacity.

(4) Defendant Ms. L Sharpe, is sued in her individual and official capcity.

(5) Defendant Larry Moody, is the Unit Manager and he also is being sued in his individual and official capacity.

(6) Defendant E. Pagaton is the Physician Assistant for Petersburg Camp and is being sued in her individual and official capacity.

(3)

(7) Defendant L. Negron, is the Physician Assistant for Petersburg Camp, and is being sued in his individual and official capacity.

(8) Defendant Richard Forth, is the Physician Assistant for Petersburg Camp and is being sued in his individual and official capacity.

(9) Defendant William Puryear, is the Safety Officer for Petersburg Camp, and is being sued in his individual and official capacity.

### FACTS

1. on or about 9-30-05 around 12:00pm Kevin Puckett and Alford Phillips (inmates) found some hazard chemical canister in the trash. And they were sent to medical for serious problems to there eyes and throat. Medical notified Unit Manager Larry Moody, staff administrative ex-safety manager of the problem and the cause of the problem and to him there is some more in the trash bin behind the kitchen.

2. On or about around 1:00pm Unit Manager Larry Moody called my boss, William Puryear and asked him to send some guys to remove some canisters out of the trash bin.

3. While removing the canisters inside the bin my eyes began to start burning and my throat began to start getting a funny strange feeling and I started gaging and spitting while removing the items.

4. I then asked Mr. Larry Moody to let me get out of the trash bin, because my eyes were burning and I couldn't hardly see clear.

5. After that a few other inmates Darnell Peoples, and one other inmate started complaining about the same problem.

6. After a while Mr. Larry Moody then called us inmates out after the complaining and called medical and sent all of us to see P.A. Pagaton who was already aware of us coming.

(4)

7. Ms. E. Pagaton, PA. began to examine us inmates then sent us inmates across the street to the FCC Petersburg Low to see the eye specialist.

8. After seeing the eye specialist, he stated that I had a serious problem with my eyes.

9. The day on 10-4-05, I went to sick call complaining about my vision and was given an Idle for about six days.

10. After the six days the Plaintiff was sent back to work after 10-10-05.

11. The following Monday or on or about 10-16-05, the Plaintiff been complaining about his eyes to his boss William Puryear on his vision. Mr. Puryear paid Plaintiff no attention and said that he need to get this place ready for inspection and move that trailer.

12. So by the direct order the Plaintiff moved to get on the fork-lift and had trouble seeing due to his visual problem and misjudged his step and slipped and fractured his right index finger.

13. Plaintiff then tried to catch his self but was unable and went down to the concreat ground.

14. After falling, the plaintiff fingers was injured and the Plaintiff reported the injury to the safety officer and was then instructed to go to medical.

15. Plaintiff saw PA. L. Negron, he has x-ray taken the next day October 17 2005.

16. After x-rays was taken, Plaintiff had his fingers put in a wrap.

17. He was then told that it was broken and he had to wait to see a orthopedic specialist.

18. On or about October 19, 2005, two days later, Plaintiff seen the orthopedic specialist and was told that he had to have surgery A.S.A.P. .

19. On or about 10-26-05, Plaintiff went to have surgery on his finger.

20. Plaintiff had two screws put in his fingers which will be permanent.

21. Plaintiff then returned to FCC Petersburg-Camp and was given an idle and pain medicine.

22. After the medication ran out two days later, Plaintiff went to sick call and was denied medicine for the pain.

23. On or about November 3, 2005, Plaintiff back to sick call complaining his finger and the pain . Plaintiff was given another idle.

24. On November 16, 2005, Plaintiff went back to sick call and was given another idle until November 30, 2005 still having problems with his finger.

25. The Plaintiff has been to sick call many times for both complaints and on idles, October 4, October 5, October 10, October 17, November 3, November 15, November 16, November 30, December 12, December 31,2005 January 10, 2006 and medically unassigned until June 12, and July 14, 2006. Its been so many they stopped giving Plaintiffs pink slips for the two matter (eyes and finger).

26. On or about December 3, 2005 Plaintiff is still having problems with his eyes and finger and medical staff has refused to take the right steps towards taking care of the pain and problem that Plaintiff is having.

27. The Plaintiff has been to Dr. Combs, the outside retinal specialist, he said that the Plaintiff should not be working or work at all in his condition.

28. Plaintiff has several complaints to Dr. Allen on treatment, medication that has not been received and no response by him when Plaintiff approached Dr. Allen, he said he forgot.

29. All of the said defendants within the B.O.P. have conspired to violated Plaintiff's constitutional rights in violation of 18 U.S.C. § 241 and have violated Plaintiffs constitutional rights under 18 U.S.C. § 242.

## CLAIM FOR RELIEF

The defendant herein conspired to deprive Plaintiff of his fifth amendment rights by refusing to hear Plaintiff's grievences even when they knew that his complaints were meritorious, and that certain Defendants were using canned responces and rejections based upon what they knew to be false assertions during the administrative remedy process.

The defendants, and each of them jointly and severally agreed both explicitly and implicitly to and participated in the conspiracy to deprive Plaintiff of Equal Protection Rights to be free from crual and unusual punishment, when with deliberate indifference these defendant failed to provide for the reasonable safety health, and proper medical care of Plaintiff, and thereby caused Plaintiff to suffer and endure extreme harm and damage physically in addition to excrutiating pain, all through their acts and omissions. Defendant, and each of them jointly and severally conspired to retaliate against Plaintiff for the exercising of his First Amendment rights.

(7)

By retaliating against Plaintiff in addition to failing to timely efficiently, professionally, and properly care for Plaintiff's health and medical needs, defendants and each of them here conspired to deprive Plaintiff of his Eighth Amendment rights against cruel and unusual punishment.
Defendant, and each of them, both jointly and severally have conspired to and also deprived Plaintiff of his civil and Constitutional Rights under the First, Fifth, and Eighth Amendments.

## DEMANDS FOR RELIEF

A. Plaintiff seeks the award of nominal damages to be determined at a later date, but at least one dollar ($1.00) as against each defendant for the conduct set forth in this complaint.

B. Plaintiff seeks the award of compensatory damages in the amount of One Hundred Fifty Thousand Dollars ($150.000.00) as against each defendant for the conduct set forth in this complaint.

C. Plaintiff seeks the award of punitive damages in the amount of Seven Hundred Fifty Thousand Dollars (750,000.00) as against each defendant for the conduct set forth in this complaint.

D. Plaintiff seeks Declarotory Relief pursuant to 28 U.S.C. § 2201, for this court to declare the right of the parties.

E. Plaintiff seeks attorneys fees under 42 U.S.C. §1988, and 28 U.S.C. § 2412.

F. WHEREFORE, PLAINTIFF respectfully requests the court grant him all relief to which he may be entitled.

## DECLARATION OF TRUTH

I, Micheal J. Webb, declare under the penalties of perjury pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge, belief, and understanding.

Respectfully Submitted,

*[signature]*

MICHEAL J. WEBB, pro se
Reg.No.# 08789-084
FCC Petersburg Camp
P.O. Box 90027
Petersburg, VA. 23804

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michael J. Webb

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 08789-084

## DEFENDANTS
Harley G. Lappin, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER 1:06CV02243
JUDGE: Henry H. Kennedy
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 12/29/2006

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
~~KNNSAAN~~ 28 USC 1346

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 0   Check YES only if demanded in complaint JURY DEMAND ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 12.29.06   SIGNATURE OF ATTORNEY OF RECORD   NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd