UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER 06-2243 (HHK) |
| | ) | |
| HARLEY G. LAPPIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendants, Harley G. Lappin, Vanessa Adams, Laurene Sharpe, Larry Moody, Dr. Jeffery Allen, Luis Negron, Elizabeth Panaguiton, Kim White, Richard Forth, and William Puryear, by and through the United States Attorney for the District of Columbia, hereby submit this Motion to Dismiss or, in the alternative, to transfer venue.

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

*Pro se* plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. WEBB,                    )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )        CASE NUMBER 06-2243 HHK
                                   )
HARLEY G. LAPPIN, ET AL.,          )
                                   )
                    Defendants.    )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR
IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants, Harley G. Lappin, Vanessa Adams, Laurene Sharpe, Larry Moody, Dr. Jeffery

Allen, Luis Negron, Elizabeth Panaguiton, Kim White, Richard Forth, and William Puryear, by and

through the undersigned counsel, hereby submit this memorandum of points and authorities in

support of defendants' motion to dismiss or, in the alternative, to transfer venue.[1]  For the reasons

set forth below, the defendants respectfully request that the Court dismiss this matter in its entirety.

**STATEMENT OF THE CASE**

Plaintiff Michael J. Webb, register number 08789-084, is a federal inmate who brings the

instant pro se action under the Federal Tort Claims Act and the doctrine announced in Bivens v.

Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  In the

complaint, plaintiff alleges that he incurred two separate injuries while performing his prison

work duties.  He alleges that defendants acted negligently and violated his constitutional rights in

failing to prevent and properly treat his injuries.  Plaintiff sues defendants in their individual and

official capacities. Compl. pgs. 3-4.

---

[1] Notably, the Court's docket indicates that summonses were issued to all named
Defendants in this matter, but that only Defendants Lappin and White were served with process
in accordance with Fed. R. Civ. P. 4(e) and 4(I).

As explained herein, plaintiff's FTCA and *Bivens* claims are barred because his exclusive remedy for prison work-related injuries is under the Inmate Accident Compensation Act. His FTCA claim is also barred because it was filed outside the applicable statute of limitations period. Plaintiff's official capacity *Bivens* claims are equivalent to a claim against the United States and are barred by the doctrine of sovereign immunity. Plaintiff's individual capacity claims are insufficient to state a constitutional claim against any named Defendant, and should therefore be dismissed. Moreover, this Court lacks personal jurisdiction over a majority of defendants. For these reason, as explained herein, all of plaintiff's claims must be dismissed.

## BACKGROUND

Plaintiff is an inmate at the Federal Correctional Complex ("FCC") in Petersburg, Virginia. On or about September 30, 2005, plaintiff was directed by his work supervisor to remove some canisters out of a trash bin. Compl. ¶2. While removing the canisters, plaintiff reports that some chemicals from the canisters caused injury to his eyes. Compl. ¶3. Plaintiff was examined by medical staff soon thereafter and received follow-up care on numerous occasions. Compl. ¶¶6-8. On or about October 4, 2005, plaintiff reportedly was given a medical idle for six days, which permitted him to refrain from working during that time. Compl. ¶9. Plaintiff returned to his work duties on or about October 10, 2005. Compl. ¶10.

On October 16, 2005, plaintiff was directed by his work supervisor to operate a forklift. Compl. ¶¶11-12. Plaintiff indicates that, due to his impaired vision, he fell from the forklift and fractured his finger. Compl. ¶¶13-14. Following the accident, plaintiff was examined and treated by medical staff on numerous occasions for his finger injury. Compl. ¶¶ 4-26.

On March 14, 2006, plaintiff filed an administrative tort claim under the FTCA with the Bureau of Prisons ("BOP"), seeking compensation for his alleged eye and finger injuries. See

2

*Attachment 1, p. 2.*  In a letter dated May 17, 2006, the BOP denied plaintiff's tort claim on the basis that his remedy for the injuries alleged was exclusively under the Inmate Accident Compensation Procedures set forth in 18 U.S.C. § 4126 and 28 C.F.R. § 301.301, et seq.  See id. The BOP sent the denial letter to plaintiff via certified mail through the United States Postal Service (certified mail receipt number 7003 3110 0001 3512 1345).  *Attachment 1, p 3-4.*  The letter was delivered to plaintiff's address on May 22, 2006.  Id.

Plaintiff filed the instant lawsuit on December 29, 2006.  *Docket Entry 1.*  In the instant suit, plaintiff claims that defendants wrongfully failed to prevent and treat his injuries.  He claims that their actions, or lack thereof, constitute negligence and violate his constitutional rights under the First, Fifth, and Eighth Amendments.

As relief, plaintiff seeks nominal damages in the amount of at least one dollar from each defendant, compensatory damages of $150,000.00 from each defendant, punitive damages of $750,000.000 from each defendant, declaratory relief, and attorneys fees.

## ARGUMENT

**A.    Court Lacks Subject Matter Jurisdiction Over Plaintiff's Work-Related Injury Claims**

In the complaint, plaintiff seeks damages under the FTCA and *Bivens* for work-related injuries he allegedly suffered.  As explained herein, plaintiff's claims are barred because the Inmate Accident Compensation Act ("IAC") is the exclusive remedy for inmates seeking damages as a result of work-related injuries.

Congress, through the IAC, has authorized Federal Prison Industries, Inc., a federal corporation, to pay inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are

3

confined."  18 U.S.C. § 4126(c)(4); <u>see also</u> 28 C.F.R. § 301.101, <u>et seq.</u>  The IAC is the exclusive remedy for federal inmates injured while performing assigned work duties.  <u>See United States v. Demko</u>, 385 U.S.  149, 151-54 (1966).  Accordingly, inmates are barred from seeking relief under the FTCA or *Bivens* for injuries incurred while performing prison work assignments.  <u>Id.</u>; <u>Alvarez v. Gonzalez</u>, 155 Fed.Appx. 393, 396, 2005 WL 30088788 *1 (10th Cir. 2005) (unpubl. decision attached hereto); <u>Springer v. United States</u>, 229 F.3d 1154 (6th Cir. 2000) (unpubl. decision attached hereto) (citing <u>Wooten v. United States</u>, 825 F.2d 1039 (6th Cir. 1987)); <u>Drummond v. U.S. Attorney General, et al.</u>, 37 F.3d 1503 (8th Cir. 1994) (unpubl. decision attached hereto).

In this case, plaintiff alleges to have suffered two separate injuries, both while performing prison work assignments.  First, he alleges that on September 30, 2005, his work supervisor directed him to remove some canisters from a trash bin.  While removing the canisters, plaintiff allegedly was exposed to some hazardous chemicals which caused him eye pain and throat discomfort. Compl. ¶¶ 1-6.  Second, he alleges that on October 16, 2005, his work supervisor directed him to use a forklift to move a trailer.  While attempting to get on the forklift, plaintiff allegedly slipped and fractured his finger. <u>Id.</u> ¶¶ 11-13.  Based on the allegations in the complaint, it is clear that all of plaintiff's claims are directly related to injuries that arose while he was performing BOP work assignments.

Accordingly, because the IAC is the exclusive remedy for such claims, the instant FTCA and *Bivens* claims are barred and must be dismissed.

**B.      Sovereign Immunity Bars Any Constitutional Claims Against BOP And The Individual Defendants In Their Official Capacities**

To the extent that plaintiff seeks damages for alleged constitutional violations against the

4

individual defendants in their official capacities or against the BOP, these claims must be dismissed absent a waiver of sovereign immunity. Meyer v. Reno, 911 F. Supp. 11 (D.D.C. 1996); Marshall v. Reno, 915 F. Supp. 426 (D.D.C. 1996); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United States protects it and its agencies from suit absent express waiver. See United States v. Nordic Village, 503 U.S. 30 (1992). The Supreme Court has expressly held that the United States is not liable for *Bivens* claims. FDIC v. Meyer, 510 U.S. 471 (1994); compare Clark v. Library of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984).

Therefore, to the extent plaintiff asserts claims for damages against either the individual defendants in their official capacities and the BOP as an agency, such claims must be dismissed for lack of subject matter jurisdiction.

**C.      This Court Has No Personal Jurisdiction**

Plaintiff has not shown that any of the individual defendants named in this lawsuit are residents of the District of Columbia. Therefore, there is no *in personam* jurisdiction.

**1.  Plaintiff's burden**

It is the plaintiff who bears the burden of pleading the facts necessary to substantiate *in personam* jurisdiction in this Court. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in Edmond v. U.S. Postal Service, 727 F. Supp. 7, 10 (D.D.C. 1989), aff'd in part and rev'd in part on other grounds, 949 F.2d 415 (D.C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of

5

evidence." <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.  All defendants are moving for their dismissal from this lawsuit based upon lack of *in personam* jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

### 2.  D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. <u>Crane v. Carr</u>, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -
>
> > (1) transacting any business in the District of Columbia;
> > (2) contracting to supply services in the District of Columbia;
> > (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
> > (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> > (5) having an interest in, using, or possessing real property in the District of Columbia;
> > (6) contracting to insure or act as surety . . . ; or
> > (7) marital or parent and child relationship. . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In the instant case, plaintiff's pleading does not establish proper *in personam* jurisdiction in the United States District Court for the District of Columbia under § 13-423.  <u>Crane</u> at 762.

6

First, it is undisputed that defendants Adams, Sharpe, Moody, Pagaton, Negron, Forth, and Puryear are employed at the FCC in Petersburg, VA.[2]  Compl. p. 3-4.  Plaintiff does not allege, let alone demonstrate, that any defendants are residents of the District of Columbia.  Moreover, the plaintiff does not allege that any of these above referenced defendants transacted any business or contracted to supply services in the District of Columbia, nor have they caused any tortious injury in the District of Columbia.  Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not and cannot claim that the federal employees at the federal prison where he was housed outside the District caused him tortious injury within the District of Columbia.  The injuries about which plaintiff complains occurred at the FCC in Petersburg, VA and he alleges no facts to establish that he suffered any injury in the District of Columbia.  See Farmer v. Moritsugu, 163 F.3d 610 (D.C. Cir. 1998) (local medical staff treating in BOP institutions outside D.C. not subject to personal jurisdiction); Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9 (D. D.C. 1996) (No personal jurisdiction over Bureau of Prisons case manager working in Rochester, Minnesota, sued in D.C. in individual capacity by inmate based upon claimed inaccuracy of prison records).  There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these defendants.  Any injury to plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in Virginia.  Therefore, this Court lacks personal jurisdiction over the above named defendants for activities taking place outside the District of

---

[2] Although Director Lappin can be found in this District, plaintiff makes no specific allegations against him and individual liability cannot be premised on a theory of respondeat superior.  Marshall v. Reno, 915 F.Supp. 426, 430 (D.D.C. 1996).

Columbia.

### 3. *In personam* jurisdiction requires "minimum contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process.  United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995); Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987).  "Since the District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.'  Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)."  Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994).  "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b).  Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)."  Id. at 502.

The burden is again on the plaintiff to establish that this Court can exercise personal jurisdiction over defendants consistent with the Due Process Clause.  Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998).  Plaintiff in this case has wholly failed to allege such facts, and the allegations against all these defendants do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia.[3]  The mere fact

---

[3] See supra n. 3 (Director Lappin).

8

that defendants are employees of the BOP and the Central Office of that agency happens to be in

Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District

of Columbia.  Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993); see James v. Reno,

et al., No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification

and transfer request made in Texas; both federal prisons at issue located in Texas; no injury

suffered in the District of Columbia; mere fact that White and Snider are employees of the

Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with

District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who

works at FCI Memphis, Tennessee and three Florida State attorneys not alleged to conduct any

business or make any contracts for services and no injury alleged to have been suffered in the

District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and

systematic" and relative to the claim to meet the "minimum contacts" requirement.  International

Shoe Co. v. Washington, 326 U.S. 310 (1945).  In this case these non-resident defendants lack

the requisite minimum contacts with the District of Columbia because the operative facts of any

claim herein arose in Virginia.  Therefore, defendants' motions to dismiss under Rule 12(b)(2)

should be granted, and they should be dismissed from this suit.

**D.    Case Must be Dismissed or Transferred for Improper Venue**

To the extent that plaintiff alleges *Bivens* claims against the individual defendants, they

must also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  Venue in *Bivens*

cases is governed by 28 U.S.C. § 1391(b).  See Stafford v. Briggs, 444 U.S. 527, 544 (1980);

Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993); Pollack v. Meese, 737 F. Supp.

663, 665 (D.D.C. 1990).  Under § 1391(b), a *Bivens* cause of action may be brought only in a

judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office.  The BOP has over 170,000 inmates in over 100 institutions nationwide.  See www.bop.gov ("public information, quick facts and statistics").  Courts  recognize the danger of giving all federal inmates the opportunity to bring their claims here in the district: "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  Cameron v. Thornburgh, 983 F.2d 253, 256 (D.C. Cir. 1993).

In the instant case, venue is not proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b).  Plaintiff has provided no evidence that the federal defendants reside in the same state, no significant events giving rise to the claim occurred within the District of Columbia, and plaintiff does not reside in the District, therefore, venue is improper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and Meyer v. Reno, et al., 911 F. Supp. 11, 15 (D.D.C. 1996).  Because venue is improper, the Court should dismiss plaintiff's *Bivens* claims under Fed. R. Civ. P. 12(b)(3).

To the extent that any portion of this case might withstand the dismissal arguments made herein, it is inappropriately brought in the United States District Court for the District of Columbia.  This is an individual claim that involves factual issues arising in Petersburg, Virginia.  Nevertheless, 28 U.S.C. § 1404(a) provides:

10

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it may
> have been brought.

The United States Court of Appeals for the District of Columbia has held that cases such as this

one should not be heard in the District of Columbia, but should instead be transferred to the

judicial district where the prisoner is incarcerated, pursuant to § 1404(a). ". . . [M]any, if indeed

not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced

here originally, will tend to involve factors that make transfer to the place of incarceration

appropriate." Starnes v. McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974) (en banc). The Court of

Appeals recognized that even if venue is technically appropriate, "there is certainly no reason

why all cases involving the construction or constitutionality of a federal statute should be

litigated in the District of Columbia." Id. at 925. Rather, where the records, witnesses, and

counsel for the case are located near the prison and there is no issue of national importance

raised by the complaint, "transfer of the complaint to the district of the plaintiff's incarceration is

indicated." Id. at 933; see also Lincoln v. Bureau of Prisons, Civ. No. 96-2325, at 2 (D.D.C. May

2, 1997) ("[t]his Circuit discourages 'carpetbagging' by prisoners who are incarcerated

elsewhere.")

   The D.C. Circuit in Starnes set out a number of factors for a district court to use in

deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of

Columbia. Those factors are: (1) the prisoner's difficulty of communication with counsel; (2)

the difficulty of transferring the prisoner; (3) the availability of witnesses and files; (4) the speed

of final resolution; and (5) whether the case involves issues of national policy that require the

testimony of high-level administrators located in Washington, D.C. Starnes, 512 F.2d at 929-33.

   In this case, these factors strongly support the appropriateness of transfer. This is a *pro*

11

*se* case so communication with counsel is not an issue. The majority of witnesses and records that would be involved in litigating plaintiff's claims are all at the Petersburg, VA FCC. There is no national policy challenge. Problems associated with moving an inmate for hearings are minimal, now that the PLRA provides for telephonic pre-trial hearings "to the extent practicable." See 42 U.S.C. 1997e(f). To the extent it survives dismissal, this case should be transferred to the Eastern District of Virginia, where plaintiff was housed when the matters giving rise to this complaint took place and also where he is currently housed. It is there that most of the witnesses and documents involved are located, and where jurisdiction and venue can be readily achieved. Nevertheless, defendants urge that dismissal, not transfer, is appropriate. Compare Simpkins v. District of Columbia, 108 F.3d 366 (D.C. Cir. 1997) (appropriate to dismiss insubstantial *Bivens* actions rather than transfer).

**E.      Plaintiff Has Not Perfected Service Against Individual Defendants**

Plaintiff has failed to serve defendants Adams, Allen, Forth, Moody Negro, Pagaton, Puryear, and Sharpe with a summons and complaint as required by Fed. R. Civ. P. 4(e). *Docket Entries 8, 11, 12, 14*. Pursuant to Fed. R. Civ. P. 4(m), if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified period of time..." In the instant case, it has been over 120 days since plaintiff filed his complaint on December 29, 2006 and plaintiff has still not effected service upon the above named defendants. Plaintiff's failure to comply with this rule merits dismissal of these defendants.

The only individual defendants that have been served in this complaint are defendants Lappin and White. However, these defendants were not properly served with the complaint in

accordance with the rules applicable to individual defendants. <u>Simpkins v. District of Columbia Government</u>, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. <u>Id</u>. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982); <u>See also</u> <u>Stafford v. Briggs</u>, 444 U.S. 527 (1980).

In this case, it appears that plaintiff served these individual defendants only at their respective places of employment. <u>See</u> *Docket Entries 7 and 10* . Service at the defendants' place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

The District Court will lack jurisdiction over the federal officials, until <u>all</u> of the provisions of Rule 4(i)(1) and (2) are met. <u>Ecclesiastical Order of the Ism of Am, Inc. v. Chasin</u>, 845 F.2d 113, 116 (6th Cir. 1988); <u>Sanchez-Mariani v. Ellingwood</u>, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of

13

service of process.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476,

488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987).  Therefore, if

that cannot be demonstrated, this case should be dismissed based upon insufficiency of service

of process under Rule 12(b)(5).  Accordingly, claims against the individual defendants should be

dismissed.

**F.      Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

> **1.      Plaintiff states no basis for *Bivens* claims brought against defendants
> Lappin, White, Adams, Forth, and Sharpe, and respondeat superior
> may not be the basis of a *Bivens* suit**

Respondeat superior has been consistently rejected as a basis for the imposition of §1983

or *Bivens* liability.  Marshall v. Reno, 915 F.Supp. 426, 430 (D.D.C. 1996); see also Monell v.

Dep't of Social Srvcs, 436 U.S. 658, 691 (1978); Boykin v. District of Columbia , 689 F.2d

1092, 1097-99 (D.C. Cir. 1982); Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1987).

In the absence of allegations that the named defendants personally participated in the events that

gave rise to the plaintiff's claims or any corroborative allegations to support the inference that

these defendants acquiesced in such events, dismissal is appropriate.  Marshall at 429-30.  See

also Cameron v. Thornburg, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint naming Attorney

General and BOP Director as defendants based on theory of respondeat superior, without

allegations specifying their involvement in the case, do not state *Bivens* claim); Rizzo v. Goode,

423 U.S. 362 (1976) (defendants in *Bivens* action dismissed if no personal involvement or

participation in alleged unconstitutional actions).

In the instant case, plaintiff fails to set forth any specific allegations of direct

involvement or participation by defendants BOP Director Lappin, Regional Director White,

Warden Adams, Forth, or Sharpe in any alleged Constitutional violations against him.  There is

14

no allegation that any of these individuals participated in any decision or approved of any

unconstitutional policy that related to the case.  Rather, just as in the Cameron case, the plaintiff

seems to be basing his claim against these defendants in their individual capacities on an

assumption that based on their positions, they bear responsibility for the acts of their

subordinates.  This is an insufficient basis upon which to maintain a *Bivens* claim.  See Bivens v.

Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  To the extent that

plaintiff predicates this complaint upon the general supervisory responsibilities of BOP Director

Lappin or any of the above named defendants, absent any specific allegations of direct

involvement by any of these defendants in such violations, any *Bivens* claims against them must

be dismissed.  Moreover, to the extent that plaintiff alleges any constitutional violations by

Lappin or White because of their role in his administrative tort claim, such allegations also fail

to state a claim.  See Harrison v. Lappin, 2005 WL 752189, *4 (D.D.C. 2005) ("mere fact that

[defendant] supervises other BOP staff who may have addressed plaintiff's inmate grievances is

not a sufficient basis to hold [him] liable for their alleged unconstitutional action.").

> **2.     Plaintiff's Allegations Do Not State a Constitutional Claim Against
> Any of the Named Defendants**

The essence of plaintiff's *Bivens* claims is that defendants failed to provide him with

constitutionally adequate medical care for his eye and finger injuries.  To establish an actionable

violation of the Eighth Amendment based on inadequate medical care, a claimant must show that

the defendants acted with deliberate indifference to the claimant's serious medical needs.  See

Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding deliberate indifference to serious medical

needs constitutes the unnecessary and wanton infliction of pain); see also Hope v. Pelzer, 536

U.S. 730, 737 (2002) (finding the unnecessary and wanton infliction of pain constitutes cruel and

unusual punishment proscribed by the Eighth Amendment).  Under this standard, two

requirements must be met to establish a constitutional violation.  First, the violation alleged

must, objectively, constitute a "sufficiently serious" medical need.  Farmer v. Brennan, 511 U.S.

825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Second, plaintiff must establish

that defendants subjectively acted with deliberate indifference to his health or safety.  Wilson,

501 U.S. at 298-9.

Although plaintiff has arguably met the first requirement, i.e., that he has a serious

medical need, he must also establish that the defendants acted with deliberate indifference.  The

Supreme Court has held that conduct constituting deliberate indifference is "obduracy and

wantonness, not inadvertence or error in good faith." Id.  The defendants must also know of the

serious medical need and disregard that need.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Here, plaintiff's attempt to state an Eighth Amendment *Bivens* action against defendants

falls short of its goal for the following reasons: (1) the allegations are conclusory in nature; (2)

the allegations do not amount to deliberate indifference; (3) the allegations show only a

difference in medical opinion on matters of medical judgment.  These reasons are discussed

more fully below.

First, plaintiff's complaint sets forth conclusory allegations that defendants violated his

constitutional rights without providing underlying factual support.  For example, plaintiff alleges

that as of December 3, 2005, medical staff have "refused to take the right steps towards taking

care of the pain and problem that plaintiff is having" with regard to his eyes and finger. Compl. ¶

26.  Plaintiff fails to plead sufficient facts to indicate what manner each of the individual

defendants personally violated his constitutional rights.  Compare Bell Atlantic v. Twombley,

127 S.Ct. 1955, 1965 (2007) ("[f]actual allegations must be enough to raise a right to relief

16

above the speculative level").

Second, plaintiff's complaint fails to state a cognizable Eighth Amendment claim based on inadequate medical care because it does not allege acts or omissions sufficient to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). In Estelle, the plaintiff based his Eighth Amendment claim on a theory of improper diagnosis and poor medical treatment. In Estelle, medical staff saw plaintiff on numerous occasions, diagnosed the injury as a back strain, and prescribed bed rest and pain relievers. See id. at 107. The Court held that, even if additional care was indicated, plaintiff's allegations, at most, stated only a negligence cause of action rather than an Eighth Amendment action. See id.

Here, the crux of plaintiff's complaint is that defendants failed to provide him with adequate medical care. However, plaintiff's own factual allegations indicate that medical staff provided significant ongoing care for plaintiff's injuries, including care from medical specialists, surgery, medical idles, medication, and numerous medical visits. See Compl. pgs. 4-7. The complaint simply fails to show that defendants disregarded plaintiff's condition in a manner to constitute deliberate indifference. At most, plaintiff alleges a negligence cause of action under the FTCA, which, as indicated above, is barred by the statute of limitations.

Third, plaintiff's allegations tend to show only a difference of opinion between medical staff and himself as to the care and treatment of his injury. He fails to plead facts that would show that the care he received was constitutionally infirm. A difference of medical opinion, alone, is not subject to judicial review under *Bivens*. See Estelle, 429 U.S. at 107 (1976).

For all of the foregoing reasons, the allegations in plaintiff's complaint are insufficient to

state a *Bivens* cause of action against the named defendants.[4]

## G.     Defendants Are Entitled to Qualified Immunity

These claims should also be dismissed because the individual defendants are entitled to

qualified immunity.  The plaintiff is seeking monetary damages against the individual defendant

government officials.  Qualified immunity shields government officials from suit in performance

of a discretionary function unless that official's conduct violated a clearly established

constitutional or statutory right of which a reasonable person would have known.  Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity is "an entitlement not to stand trial or

face the other burdens of litigation."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  The

privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute

immunity, it is effectively lost if a case is erroneously permitted to go to trial."  Id.  The D.C.

Circuit, in Farmer v. Moritsugu, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on qualified immunity
> grounds] unless '[t]he contours of the right [were] sufficiently clear that a
> reasonable official would [have] underst[ood] that what he [was] doing violate [d]
> that right.' "  Harris v. District of Columbia, 932 F.2d 10, 13 (D.C. Cir. 1991)
> (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987), aff'd 922 F.2d 443
> (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct

may give rise to liability for damages," Anderson, 483 U.S. at 646, the doctrine of qualified

immunity strikes a balance between compensating those injured by official conduct and

protecting the Government's basic ability to function.  See Harlow, 457 U.S. at 813-14.  In other

---

[4] Plaintiff also alleges Defendants conspired to retaliate against him in violation of his
constitutional rights.  However, because he provides no support for such conclusory allegations,
these claims must be dismissed as well. See Martin v. Malhoyt, 830 F.2d 237, 258 (D.C. Cir.
1987) (holding unsupported factual allegations are insufficient to support a claim of government
conspiracy to violate a plaintiff's constitutional rights).

words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Id. at 816; see also Harris, 932 F.2d at 13.  To this end, qualified immunity provides not simply a defense to liability, but also "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

In the instant action, the plaintiff fails to demonstrate that the individually named defendants violated any of his constitutional rights.  With regard to the majority of the defendants, plaintiff's complaint is completely silent on what actions, if any, these defendants purportedly took in furtherance of any alleged constitutional violations.  As discussed above, conclusory allegations without supporting facts or allegations against each named defendant cannot form a *Bivens* claim upon which relief may be granted. See Martin v. Malhoyt, 830 F.2d 237, 254 (D.C.Cir. 1987).

Assuming arguendo the complaint could be interpreted to sufficiently state each named defendant committed unconstitutional acts, as discussed above, plaintiff failed to articulate how his constitutional rights were clearly established.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Accordingly, even under the facts as alleged in the complaint, each of the named defendants is entitled to qualified immunity, and should be dismissed from this lawsuit.

## CONCLUSION

For the foregoing reasons, plaintiff's claims should be dismissed.

19

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served, this 7th day of

June, 2007, by United States mail, first class postage paid, addressed to:

> Michael J. Webb
> Reg. No. 08789-084
> FCC Petersburg Camp
> P.O. Box 90027
> Petersburg, VA 23804

> ___/s/_____
> QUAN K. LUONG
> Special Assistant United States Attorney
> 555 Fourth Street, N.W., Room E-4417
> Washington, D.C. 20530
> (202) 514-9150 (telephone)
> (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL J. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER 06-2243 (HHK) |
| | ) | |
| HARLEY G. LAPPIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss, the relevant law, and the entire

record herein, it is this _____ day of _____, 2007

ORDERED that Defendants' Motion to Dismiss is GRANTED, and it is further

Further ORDERED that this case is DISMISSED WITH PREJUDICE.

This is a final appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE