UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MICHAEL J. WEBB,

    Plaintiff

v.

CASE NUMBER 06-2243 (HHK)

HARLEY G. LAPPIN, ET AL.,

### PLAINTIFF MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff MIchael J. Webb, respectfully request appointment of counsel pursuant to 28 USC 1915(e)(1).

Mr. Webb concedes there is no right to counsel in a civil proceeding and that the 6th Amendment right to counsel does not apply to civil proceeding but 28 USC 1915(e)(1) and related case law is clear that this court exercises substantial discreation in it's decision making authority to appoint counsel in a civil case see Castro v. Manhattan East Suite Hotel, 279 F Supp 2d 356, (S.D.N.Y. 2003).

A. In deciding whether to appoint counsel, this court first inquiry should be whether Mr. Webb can afford to obtain counsel. See Castro v. Manhattan East Suite Hotel, 279 F. Supp 2d 356, 357, (S.D.N.Y. 2003).

In this case Mr. Webb has been found to be indigent. This status is supported by Mr. Webb application for indigent status and the affidavit that is the bases for this motion.

B. If this court find in fact that Mr. Webb is indigent. The next step is for the court to examine the merits in this case it has merit because Mr. Webb did in fact suffer injury to his eye's and finger. This case determines whether indigent Plaintiff position seems likely to be of substance see Castro v. Manhattan East Suite Hotel, 279 F Supp 2d 356, 357, (S.D.N.Y. 2003).

C. Assuming this court makes favorable determination as to indigency and the merits, this court should consider the following 6 factors:

1. <u>INDIGENTS ABILITY TO PRESENT THE CASE.</u>

Mr. Webb level of education is a high school diploma, He has no experience in civil litigation and being incarcerated leaves Mr. Vebb with no ability to present a case. Mr. Webb cannot locate or interview witnesses, investigate facts or request medical records and other documents needed.

2. <u>COMPLEXITY OF LEGAL ISSUES INVOLVED.</u>

Mr. Webb case is complex because of the conflict between FTCA and Bivens

1

Claim v. IAC Inmate Accident Compensation Act. FTCA and Bivens would be the one due to Supervisor knew of danger, the result from the danger and still put Mr. Webb in harms way that would be deliberate indifference. Now for the IAC is for a normal ordinary job accident which this case is not transfer venue is confessing as well. Mr. Webb filed his action in the District of Columbia because this is the Central Office of the B.O.P. This clearly shows that the Mr. Webb did not clearly understand that he should have filed in the District Court of where he was injuried. The complexity of the matter of venue has now came up because of Mr. Webb lack of knowledge in the legal filing.

3. THE DEGREE TO WHICH FACTUAL INVESTIGATION WILL BE NECESSARY AND THE ABILITY OF THE PLAINTIFF TO PURSUE SUCH INVESTIGATION.

Since the B.O.P. transferred Mr. Webb from FCC Petersburg, VA, to FCI Morgantown, WV, it will be impossible for Mr. Webb to conduct an accurate and full investigation into the facts of the case. Mr. Webb has no way to conduct interviews, obtain Medical Records, and/or review the hundreds of documents in this case. There are some documents that is not accessable to inmates.

4. THE AMOUNT THE CASE IS LIKELY TO TURN ON CREEDITABILITY OF DETERMINATION.

This case will be decided based on the creditability of many facts and experts witnesses. There is no question He was injured, but the facts and circumstances of his injury can only be told to the court by the witnesses, including Mr. Webb. The creditability of each witnesses will determine the outcome of this case.

5. WHETHER THE CASE WILL REQUIRE THE TESTIMONY OF EXPERTS WITNESSES.

It's very important that this case will need experts testimony from a Chemical Expert, Medical Doctor's, details on extention of the injury.

6. THE ABILITY OF A LITIGANT TO ATTAIN AND AFFORD COUNSEL ON HIS OWN BEHALF.

Mr. Webb is found indigent in the eyes of this court and is filing in Formal Pauper fees and filing service that was granted by the Honorable Court. For further clearification see Parham v. Johnson, 126 F3d 454, 456 (3d Cir. 1997)(holding that district court's failure to appoint counsel for prison inmate was abuse of discretion).

CONCLUSION

A. Whether conflicting evidence implicating the need for cross examination will be major proof presented to the fact finder.

Plaintiff has never before been involved in the legal fact finding of a civil case. However, the case would need cross examination by a skilled counselor and the way that witnesses present themselves to a jury will be the major proof involved in this case.

B. Any special reason why appointment of counsel would be more likely to lead to just determination.

Mr. Webb asserts this court to consider some additional factors. This is a very specific fact case so investigation of facts and creditability determination will be essential. Mr. Webb was put in a dangerous working zone, and was exposed to hazard chemicals, without proper safety equipment or training, along with no hazardous placard sign's, to make Mr. Weebb aware of the danager. Twice Mr. Webb was forced in harms way by his supervisor's. Once by Unit Staff Manager, Larry Moody, He was informed by two inmates Kevin Puckett, and Alfred Phillips, about an hour or so before He sent Mr. Webb to do the work of removing the canisters from the dumpster. The inmates informed Larry Moody about some hazardous chemicals they were exposed too. As well as Medical Staff PA Elizbeth Panaguition "informed" Larry Moody that she was taking inmates for serious treatment for there eye's at Petersburg Low Medical Center. Despite this knowledge Mr. Larry Moody still sent Mr. Webb and other inmates in the danger working zone, were the chemicals was. The chemicals is what led to Mr. Webb's injuries to his eye's, throat, and tow screws that still will be in his right index finger. Second accident Mr. Webb complains to his boss William Puryear who was at the firs accident and new of His time off he complain's about vision of His eye's and William Puryear ignored Mr. Webb and forced him with a direct order to work a forklift to remove recycle materials for His expection by Regional. That lead to the screws in Mr. Webb's finger. Now without Counsel there is little hope of a incarcerated individual being able to investigate all the facts and expose the facts of the incident that occurred.

C. On motion for appointment of counsel pursuant to 28 USC §1915 District Court should consider whether appointment of counsel would be of service to indigent to Court, and defendants as well, by sharpening issues and shaping examination of witnesses in this case. All of which would shorten the trail and assist on just determination <u>Ulmer v Chancellor</u>, 691 F.2d 209 (5th Cir. 1982).

D. As is evident from the motion filed by Mr. Webb, and the defendants motion that Mr. Webb is confused about many of the legal issuses...ie... First transfer venue, as well the defendant on page 1 does not state which code He is seeking to alternative to transfer venue so Mr. Webb can review. Second in the defendant's motion He makes reference to <u>Alvarez v Gonzalez</u> 155 Fed Appx 393, 396, 2005 WL 3008788 *1 (10th Cir. 2005)(unpubl. decision attached hereto)(citing <u>Wooten v United states</u>, 825 F2d. 1039(6th Cir. 1987); <u>Drummond v U.S. Attorney General, et al.</u>, 37 F.3d 1503 (8th Cir. 1994)(unpubl.

3

decision attached hereto). All this stated on page 4 of His motion. Your Honorable Court there is NO possible way Mr. Webb can review a "Unpublished Decision" in this Institution. In respect to the Court Mr. Webb is asking ther mercy for a counsel so He can receive a equal defense and a fair trail. Due to indigents Mr. Webb cannot retrieve Counsel.

In closing this case has merits. First He suffered injuries, Defendant has agree (page 16) in his motion "Plaintiff has arguable met the first requirement...i.e...that he has a serious medical need." This case is a complex case where Mr. Webb action is not difficult in terms of reliance on factual matter that Mr. Webb can investigate and present to the court on his own see Herbert First v Jefferson County Comm'rs Court 778 F.2d 250 (5th Cir.1985).

Without Counsel, Mr. Webb will have nearly impossible task to navigate the rules of Procedure, investigate His case, engaging expert witnesses, and will likely be denied recovery for the injuries He did in fact suffer.

For all of the forgoing reason Mr. Webb ask the Honorable Court to appoint Counsel to represent Mr. Webb.

Respectfully Submitted,

*Michael Webb*   7-2-07
by Michael J. Webb
08789-084
Pro Se Litigant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. WEBB,
      Plaintiff,

v.                         CASE NUMBER 06-2243 (HHK)

HARLEY G. LAPPIN, ET AL.,
      Defendants

## MOTION AND AFFIDAVIT FOR APPOINTMENT OF COUNSEL

Now comes, Plaintiff, Michael J. Webb, filing pro se motion to respectfully move this Honorable Court to appoint counsel to represent him in the above referenced case. In support thereof Plaintiff respectfully states the following:

1. I am the Plaintiff in the above referenced case.

2. I am presently incarcerated at FCI MORGANTOWN, WV. I am unemployed and unable to obtain counsel of my choice.

3. I am absolutely destitute and own no property , nor are there any monies due or owed to me from anyone. I have already been found to be indigent in the above case.

4. I am unable to retain, pay counsel to represent me or to pay inciental expeses which will be incurred in this cause complaint.

5. I am desirous of having this Honorable Court appoint able conscientious counsel to respresent me.

I swear under the penalty of perjury under the laws of the United States that the above is true and correct.

_/s/ Michael Webb_                                                     7-2-07
by Michael J. Webb                                                Dated
08789-084

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave., N.W.
Washington, D.C. 20001

Michael J. Webb,

    Petitioner,　　　　　　　　　　　Case No. 06-2243HHK

  vs

Jeffrey A. Taylor,
DC United States Attorney

Rudolph Contreras, DC
Assistant United States Attorney

Quan K. Luong
Special Assistant United States Attorney

On Behalf of
Harvey G. Lappin, et al.,

    Responsent/defendants

## PROOF OF SERVICE PURSUANT TO 28 USC § 1746: "THE PRISON MAILBOX RULE"

   I, Michael J. Webb, as a pro'se Petitioner in the above titled case, do hereby declare that I have deposited PETITIONER'S/PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, into the United States Mailbox established for prisoners at the Federal Correctional Institution @ Morgantown, WV, U.S. mail First Class Postage pre-paid and affixed thereon: See <u>Houston v Lack</u>, (1988), 487 US 266, and addressed as follows 7-2-07 to:

                Jeffrey A. Taylor
                DC, United States Attorney

                Rudolph Contreras
                DC, United States Attorney

                Quan L. Luong, Special Assistant,
                U.S. Attorney, On Behalf of
                Harry Lappin, et al.,

                        Affiant Michael J. Webb, pro'se

                        */s/ Michael Webb*  7-2-07