UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. WEBB,

       Plaintiff

v.                                               CASE NUMBER 06-2243 (HHK)

HARLEY G. LAPPIN, ET AL.,

       Defendant.

### PLAINTIFF RESPONSE TO DEFENDANT MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER MOTION

    1. Plaintiff Michael J. Webb, acting Pro Se, 2. Asking the court not to dismiss, and 3. is agreeing to alternative, to transfer venue.

    In support of this motion, the court is respectfully referred to the accompanying reply on the defendant memorandum of points and authorities in reguards to this case. A proposed order consistent with the relief sought herein is attached.

                                                          Respectfully submitted,

                                                          /s/ Michael Webb
                                                          MICHAEL J. WEBB
                                                          08789-084
                                                          Pro Se Litigant

                                                          July 9 2007
                                                          DATE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. WEBB,

        Plaintiff,

v.                                                  CASE NUMBER 06-2243 (HHK)

HARLEY G. LAPPIN, ET AL.,

## RESPONSE TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF MOTION NOT TO BE DISMISS PLAINTIFFS COMPLAINT, AND PLAINTIFF AGREES TO ALTERNATIVE, TO TRANSFER VENUE.

Plaintiff Michael J. Webb, hereby submit this response memorandum of points and authorities in support of Plaintiff motion to not be dismiss, and Plaintiff agrees in alternative, to transfer venue, 1. For the reason be low, the Plaintiff respectfully request that the court uphold this motion in it entirety.

### STATEMENT OF CASE

Petitioner agrees to the basic points on statement of case. However petitioner disagrees on the following.

1. FTCA and Biven claims work related injuries is under the IAC - Inmate Accident compensation Act.

2. FTCA Claim is also barred because it was filed outside the applicable statute of limitations period.

3. Plaintiff official capacity Bivens claims are equivalent to a claim against the United States and are barred by the doctrine of Sovereign Immunity.

4. Plaintiff individual capacity claims are insufficient to state a constitutional claims against any named Defendant, and therefore be dismissed.

5. Moreover this court lacks personal Jurisdiction over a majority of defendants, for these reason as explained herein all of Plaintiff claims must be dismissed.

### STATEMENT OF CASE REPLY

The petition reply on following issues, for these reasons.

1. FTCA and Biven Claims is not under IAC Inmate Accident Compensation Act when the defendant violates the Constitution Amendment.

2. FTCA Claim was not filed outside the limitations periods it was filed Nov. 15, 2006, that was in the limitation period.

3. Sovereign Immunity- The principle that the United States is immune from said except where it consents thereto, as by a statute such as the Federal Tort Claim Act, 28 USC § 1491 et. seq.; 20 Am J2d Cts § 152. See Ballentine's Low Dictionary with pronunciations 3rd edition.

4. Defendants sending the petitioner and other inmates in danger working zone knowing that two other inmates was already hurt hours before by the same chemicals. That would not be insufficient claim that a violation of the Eighth Amendment, cruel and unusal punishment.

5. Petitioner agree to transfer for venue, but does not agree to dismiss due to his facts and merits of this case.

## BACK GROUND REPLY

Petitioner agrees to the basic points on statement of case. However petitioner does not agree with the facts that the defendants has stated or hasn't stated for the following reason.

1. Petitioner filed his suit by certified mail Nov. 15, 2006, not Dec. 29, 2006.

2. Defendant does not state that Kevin Puckett and Alfred Phillips were injured hours earlier in the same day working under the same bad working conditions. The petitioner did in fact state that in his claim (page 4) in his complaint motion.

3. Defendant does not show the courts or delay medical treatment due to inadequate and delay treatment, the petitioner is left permanent damage.

## ARGUMENT REPLY

Petitioner does not agree with the facts that the defendants has stated for the following reason:

FTCA v. IAC

IAC would not be this case, when Inmate Accident Compensation Procedures 18 U.S.C. §4126 and 28 CFR § 301.301. Are not compensable injury substained when government knowingly orders prisoner to perform work beyond his physical capacities. See 18 U.S.C.S. § 4126, 639.

The two separate injuries, was knowing and deliberate causing harm to Mr. Webb and that is deliberate indifference. The Eighth Amendments against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from in human conditions of confinement: U.S.C.A. Const. Amend. 8.

For purpose of prisoner § 1983 Eighth Amendment violation claim fact that Mr. Webb did not want to perform "removing" chemical canisters and could not perform a direct order to drive a forklift due to complaining about vision problems did not transform the statutority mandated labor he preformed into a voluntary act, and thus prison supervisors alleged actions of compelling prisoner to perform work that endangered his health and caused undue pain violated prisoner Eighth Amendment Rights, U.S.C.A. Const. Amend 8, West RCWA

72.09.100(2)(e).

A prisoner labor can constitute a condition of confinement where the prisoner has no choice but to work in some capacity within the prison. The prison officials supervising him haves a constitutional obligation to take reasonable measures to gaurantee his safety. See Osolinski, 92 F.3d at 537.

Farmer, 511 U.S. at 834, 114 act 1970 more specifically the Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to "perform physical labor which [was] beyond [his] strength endanger [his life] or health or cause undue pain. Berry v Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)(percurium): See also Willis v Baldwin, 70 F.3d 1074(9th Cir. 1995) (analyzing under Eighth Amendment a prisoner claim that his health was endanger when he was forced to remove asbestos without protective gear.)

Now your Honorable Court IAC will not compensate a violation of the Eighth Amendment.

## SOVEREIGN IMMUNITY, QUALIFIED REPLY

The petitioner does not agree with the facts the defendants have stated for the following reason:

1. Soverign Immunity case is not compensable either under FTCA or IAC. The two superior Larry Moody, and William Puryear was already aware of the two inmates Kevin Puckett, Alfred Phillips that was injuried an hour before by the same chemicals. PA Staff Elizabeth Panaguation informed Larry Moody that she was taking Kevin Puckett, Alfred Phillips to the medical center at the low for treatment for serious eye injuries. Then after knowing that Larry Moody, ex-safety manager, but now Unit Staff Manager, and William Puryear Safety Manager sent the Petitioner and other inmates in to the same chemical danger working zone to retrieve the chemicals. Knowing the risk is deliberate indifference it's a intent of "state of mind" requirement if exists when an official knows about a serious danger to an inmate "unconcerned, uncaring." No reasonable person would have done that.

When you act in deliberate indifference you waive sovereign immunity.

Qualified Immunity protects "All but the plainly in competent or those who knowingly violate the law." Harlow, 457 U.S. at 818, 1025 S.Ct 2727: Malley & Briggs, 1475 U.S. 335, 341, 106 S. Ct. 1092 L. Ed 2d 271 (1986).

A prison official is not entitled to qualified immunity if the low governing his conduct was clearly established such that a reasonable prison official would know that his conduct was unlawful. See (Morgan v Morgensen, cited 465 F.3d 1041 (9th Cir. 2006)

Amaechi v West, 237 F3d 356, 362 (4th Cir. 2001)(The exact conduct at issues need not have been unlawful for the law governing an officer's actions to be clearly established rather, the particularity principle mandates that courts refers to concrete applications of abstract concepts to determine whether the right is clearly established); White v Lee, 227 F.3d 1214, 1238 (9th Cir. 2000) ("Closely analogous preexisting case law is not required to show that a right was clearly established.") The more extreme an alleged violation of your rights, the less likely it is that the court will grant the defendants qualified immunity. As the Supreme Court has observed. The easiest case don't arise. There has never been...a § 1983 case accusing welfare officials of selling foster children into slavery; it does not follow that if such a case arose, the officials would be immune from damages (or criminal liability), Lanier, 520 U.S. at 271

Under Saucier v Katz, U.S. 194, 69 Crl 337 (2201). Asking for immunity there two questions, first whether the alleged fact taken in the light most favorable the plaintiff, that the defendant conduct violated a constitutional right. Second questions the right was clearly established at the time the defendant acted such that a reasonable government official would have known that his conduct was unlawful in the situation he confronted. It will be up to the Honorable Courts to see who is qualified for immunity after the discovery. As well as the medical staff for delay and inadequate medical care.

### JURISDICTION, TRANSFER VENUE

Petitioner agrees to change venue. The petitioner asking in 28 U.S.C. § 1404 (A) provides for the convenience of parties and witnesses, in the interest of Justice, a district court may transfer any civil action to any other district or division where it may have been brought.

"[M]any if indeed not must petitions filed by prisoner not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." Starnes v McGuire, 512 F.2d 918, 926 (D.C. Cir. 1974)(enbanc).

Some factors for a district court to use in deciding whether to transfer a civil case brought by a prisoner incarcerated outside the District of Columbia. Those factors are (1). the prisoner difficulty of communication with counsel. (2). the difficulty of transferring the prisoner: (3). the availability of witnesses and files; (4). the speed of final resolution and (5). whether the case involves issues of national policy that require the testimony of high level administrators located in Washington, D.C. Starnes, F.12 F.2d at 929-33.

In this case these factors strongly support the appropriateness of transfer.

Prisoner pro'se complaints must be "liberally construed". <u>Haines v Kerner</u>, 404 U.S. 519, 30 L.Ed. 2d 652, 92 SCt 594 (1972).

A prisoner proceeding pro'se and IN FORMA PAUPERIS can hardly be expected to understand the intrecacies of the federal magistrate's act. <u>Wimmer v Cook</u>, 774 F2d 68 (4th Cir. 1985).

<u>PLAINTIFF HAS NOT PERFECTED SERVICE AGAINST INDIVIDUAL DEFENDANTS</u>

Petitioner is filing a pro'se and it's IN FORMA PAUPERIS, he is not an attorney and he has no legal experience. He has facts and merits to file a civil complaint.

"Prisoner pro se complaints must be liberally construed." See <u>Haines v Kerner</u>, 404 U.S. 519, 30 LEd 2d 652, 92 SCt 594.

There is an obligation to construe Pleadings liberally and to afford Plaintiff's benefit of any doubt in civil rights cases where Petititioner is Pro se, and also Pro se pleadings are to be held to a less stringent standard than pleadings drafted by attorneys.

The Petitioner has an action in the District Court of Columbia because it is the Central Office of the BOP. This clearly shows that the Petitioner did not clearly understand that he should have filed in the District Court of where he was injured. The complexity of the matter of venue has come up because of the petitioner's lack of knowledge in legal filings.

The Petitioner would like to ask the Court to waive service, or provide addresses for service. Official home address is not accessible to inmates.

6

## PLAINTIFF FAILS TO STATE CLAIM UPON
## WHICH RELIEF CAN BE GRANTED

Petitioner disagrees to the defendant following statement.

1. Plaintiff states no basic for Biven Claims brought against defendants Lappin, White, Adams, Forth, and Sharpe, and respondent Superior may not be the basic of a Biven Suit.

2. Plaintiff allegation do not state a constitutional claim against any of the named defendants.

 A. The Plaintiff complaints set forth conclusion allegations that defendants violated his constitutional right without providing underlying factual support.

 B. Plaintiff complaint fails to state a cognizable Eighth Amendment claim based on inadequate medical care because it does not allege act or omission sufficient to evidence deliberate indifference.

 C. Plaintiff allegations tend to show only a difference of opinion between medical staff and himself as to the care and treatment of his injury.

### REPLY

1. Petitioner disagrees to the statement due to the following reason's. William Puryear, Larry Moody, (etc) all work under "Supervisors" who evalualte the performance of/promotion of these individuals they may have known ledge of them previously putting inmates in unsafe conditions, petitioner will need discovery to further investigate those claims.

Knowingly disregard a substantional risk of serious harm they may be liable under 1983 Bivens if they establishes or carries out a policy that results in a violation of the petitioner constitutional right liable to a policy of in action. A failure to respond reasonable to a systemic health or safety problem. Certain wrongs affect more then a single right, and accordingly can implicate more than one of the constitution's commands. Where such multiple violations are alleged, we are not in the habit of identifying as a preliminary matter the claim's "dominants" character. Rather we examine each constitutional provision in turn. See eg. Hudson v Palmer, 468 U.S. 517, 104 S. Ct 3194, 82 L. Ed 2d 393 (1984).

2. Petitioner disagrees to the defendant statement on allegation do not states constitutional claims against any or the named defendant. The Petitioner states in his complaint motion on page (2) that each defendant violated his First Amendment protected activity, Eighth Amendment against cruel and unusual punishment, violations of Equal Protection Rights secured

by virtue of the Fifth Amendment and or negligence and deliberate indifference under the Federal Tort Claim Act.

    A. Petitioner disagrees to the defendant's statement "The Plaintiff complaints set forth conclusion allegations that defendants violated his constitutional right without providing underlying factual support."

    Petitioner allegation of actual injury & deliberance indifference.

    See Farmer v Brennan, 511 U.S. 825, 842, 114 S. Ct 1970, 128 L Ed 2d 811 (1984) (Eighth Amendment claim and need not show prison official acted or failed to act believing harm actually would befall inmate, it is enough that official acted or failed to act despite knowledge of substantial risk or serious harm.

    3. Petitioner disagree to the defendant statement "Plaintiff complaint fails to state a cognizable Eighth Amendment claim based or inadequate medical care because it does not allege act or omission sufficient to evidence deliberate indifference.

    The petitioner on page (6) of his motion he states claims of denying medicine for pain. After a surgery was due to his finger. The medical staff know of the petitioner condition and still sent him back to work. The medical ignored his medical complaints the petitioner has record of complints. The medical is liable when it's "Serious" it's defined in 2 ways; has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily reconize the necessity for a doctor's attention. See Camberos v Branstad, 73 F.3d 174, 176 (8th Cir. 1995)

    Petitioner suffered injuries to eyes, complaining about vision blur and burning of the eyes that 's not hard even for a lay person to see he's not capable to handle a work schedule or be denied pain medication right after a surgery that led to two screw that are still in his index finger. To ignore medical complaints that concern your health.

    Roberson, 198 F.3d at 648, (No verifying medical evidence necessary to establish detrimented effects of alleged delay in treatment where need or deprivation alleged would be obvious to a lay person.

    Petitioner was injured on Oct 16, 2005, on or about 10:00 a.m. He did not get X-ray until Oct. 17, 2005. He did not get the surgery until Oct. 26, 2005, due to the delay the Petitioner is stuck with a disfunctional index finger that has two screw left in there.

    Crowley v Hedgepath, 109 F.3d 500, 502 (8th Cir. 1997) objective seriousness of alleged unconstitutional delay in recieving treatment is measured by reference to effect of delay.

Dr. Allen, Elizabeth Panaguiton, Richard Forth, Luis Negron, they all had parts of the Petitioner to receive inadequate and delay medical care.

C. Petitioner disagree to the defendant statement "Plaintiff" allegation tend to show only a difference of opinion between medical staff and himself as to the care and treatment of his injury.

Petitioner allegation is not opinion it's fact and merit's can be proven when it presents it self.

As the Supreme Court proven, "whether a prison official had the knowledge of substantial risk is question of fact subject to demonstration in the usual ways including indifference from circumstantial evidence, and a fact finder may conclude that a prison official know of a substantial risk from the very fact that the risk was obvious, <u>Farmer</u>, 511 U.S. at 842 see also <u>Vance v Peters</u>, 97 F.3d 987, 992 (7th Cir. 1956):   <u>Spruce v Sargent</u>,149 F.3d 783, 785-86 (8th Cir. 1998).

The <u>Supreme Court</u> wrote that the constitution prohibits officials from "intentionally denying or delaying access to medical care or intentionally interfering with the treatment one prescribes <u>Estelle</u> 429 U.S. at 104, 50 L.Ed. 2d 1976

<u>Reed V McBride</u>, 178 F. 3d 849, 854 (7th Cir. 1999)(Inmate, three letters of complaint put officials on notice of his medical problem).

<u>Oxendine v Kaplan</u>, 241 F. 3d 1272, 1278-79 (10th Cir. 2001)(deliberate indifference for prison doctor to <u>delay</u> seeking specialized treatment after botched attempt to reattach inmates finger.)

A general rule of a delay violates the constitution if it is (1) medically unjustified and (2) clearly likely to make the inmate and medical problem worse or resulting in life long handicap or a permanent damage. Due to delay in this case left the petitioner handicap in his right index finger that is important to the hand and every day he can't function the same. Medical staff PA Elizabeth Panaguition ignore the petitioner complaint obout vision problem and sent him back to work denying his medical treatment causing possible accident. Medical Staff PA Luis Negron and Richard Forth delayed the petitioner X-ray due to delay in surgery it left him with two screws in his finger that is permently damage. Medical Dr. Jeffery Allen, ignored the petitioner complaints about what was going on with his treatment and ignored his medical needs as well. The Petitioner has documents of this ignored complaints will be able to tell more after the trial starts. This is all deliberate indifference, and with the Honorable Courts help the petitioner will prove it.

## CONCLUSION

For all of the above reasons, Plaintiff agrees to the transfer of venue, requests defendants waive service or provide addresses for service. The plaintiff requests the court to allow his case to proceed against the Defendant's due to the fact that he did suffer injuries on two seperate and distinct occassions due to being forced to work under unsafe circumstances w/out adequate protective gear or training. The first where Moody made him work w/unsafe chemicals after other inmates had been previously injured in the same task. The second when supervisor ordered him to operate a forklift despite ongoing problems with his vision. These acts & ommissions by his supervisors and medical staff, amount to deliberate indifference and should be allowed to proceed in Court. Third medical should have X-rayed his finger the day of the accident, and surgery should have been provided sooner than almost 2 weeks later.

This leaves the Petitioner with a life long vision problems as well as two screws in his finger that is permanently damaged.

Respectfully submitted,

*/s/ Michael J. Webb*
Michael J. Webb
08789-084
Pro Se Litigant

July 9 2007
Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave., NW, Washington, DC 20001

Michael J. Webb,

    Plaintiff,　　　　　　　　　　　　　Case # 06-2243HHK

  vs

Jeffrey A. Taylor,
DC United States Attorney

Rudolph Contreras,
DC Assistant United States Attorney

Quan K. Luong
Special Assistant United States Attorney

On Behalf of:
Harley G. Lappin, et al.,

    Defendants


### PROOF OF SERVICE PURSUANT TO 28 USC § 1746
### THE PRISON MAILBOX RULE

I, Michael J Webb, as a pro-se plaintiff in the above titled action do hereby declare that I have deposited PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER MOTION in the United States Mailbox established for prisoners at the Federal Correctional Institution @ Morgantown, WV, US mail, 1st Class Postage was prepaid and affixed thereon addressed as follows:

DATE  July 9, 2007　　　　Jeffrey A Taylor
　　　　　　　　　　　　　DC United States Attorney

　　　　　　　　　　　　　Rudolph Contreras
　　　　　　　　　　　　　DC Assistant United States Attorney

　　　　　　　　　　　　　Quan K Luong, Special Assistant US
　　　　　　　　　　　　　Attorney, On Behalf of Harley Lappin et al.,

　　　　　　　　　　　　　　　　　Michael J. Webb pro'se

　　　　　　　　　　　　　　　　　*/s/ Michael Webb*