# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| MICHAEL J. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER 06-2243 (HHK) |
| | ) | |
| HARLEY G. LAPPIN, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____)

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

For the reasons discussed below, defendants hereby oppose plaintiff's discovery request and motion to compel and respectfully requests that they be denied.

## BACKGROUND

On or about December 29, 2006, plaintiff filed the instant lawsuit. Docket Entry 1. In his complaint, plaintiff alleges that defendants wrongfully failed to prevent and treat his injuries and, among other things, claims constitutional violations under Bivens. On June 7, 2007, defendants filed a motion to dismiss or in the alternative, to transfer venue. Docket Entry 16. Defendants asserted numerous defenses, including but not limited to, qualified immunity. Id.

On or about July 31, 2007, defendants received plaintiff's first set of interrogatories. On August 29, 2007, defendants filed with the Court a motion to stay discovery. Docket Entry 24. In its motion, defendants argued that plaintiff's discovery request was premature and improper. Id. On September 17, 2007, defendants received ECF notification of plaintiff's motion to compel. Docket Entry 26. Plaintiff's motion does not even mention, let alone respond to, defendants' motion to stay discovery. Id. Instead, plaintiff merely asks the Court to compel the

defendants to respond to his discovery request.  Id.

## ARGUMENT[1]

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Such an order may provide, inter alia, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party.  Fed. R. Civ. P. 26(c)(1)-(3).  Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am.,

---

[1]Defendant's argument in opposition to plaintiff's motion to compel represents the same argument raised in its motion to stay discovery.  See Docket Entry 24.  For the Court's convenience, defendants have reproduced that same argument here.

352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending

resolution of jurisdiction).  Further, where, as here, one or more issues may be dispositive of a

case, it is proper to stay discovery on other issues until the dispositive issue or issues have been

decided.  See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not

abuse discretion in staying discovery until motion for change of venue was resolved), cert.

denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13

(5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts

should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co.,

508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction

resolved).

In Bivens litigation, in particular, it is commonplace to stay discovery until the qualified

immunity claims have been resolved.  E.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  As

the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere

defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Importantly, the

Supreme Court has long admonished that the question of qualified immunity "should be resolved

at the earliest possible stage of a litigation."  Anderson v. Creighton, 483 U.S. 635, 646 n. 6

(1987).

Critical for present purposes, the Supreme Court has cautioned that until the "threshold

immunity question is resolved, discovery should not be allowed."  Harlow, 457 U.S. at 818.  As

the Supreme Court later emphasized, "[u]nless the plaintiff's allegations state a violation of

clearly established law, a defendant pleading qualified immunity is entitled to dismissal before

the commencement of discovery." <u>Mitchell</u>, 472 U.S. at 526.

Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus in a case in which the District Court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it. <u>See</u> <u>Fludd v. United States Secret Service</u>, 771 F.2d 549 (D.C. Cir. 1985). In that case the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service of a subpoena for a handwriting exemplar on him. <u>Id.</u> at 550. After the individual defendants moved to dismiss or for summary judgment on qualified immunity grounds, this Court deferred resolution of the qualified immunity issue. <u>Id.</u> at 552. Instead of ruling on immunity first, the Court ordered a factual hearing on the authority of the property owner to give consent to enter. <u>Id</u>. When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing. <u>Id.</u>

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in <u>Harlow</u>. 771 F.2d at 552. The D.C. Circuit quoted <u>Harlow</u> extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, <u>quoting</u> 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, defendants opposes plaintiff's discovery request and motion to compel and respectfully renews its earlier motion for a stay of all discovery proceedings until this

Court rules on defendants' dispositive motion and addresses their entitlement to qualified

immunity.

## CONCLUSION

For reasons stated herein, this Court should deny plaintiff's motion to compel and quash

his inappropriate discovery requests at this time.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. Bar # 489610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

5

<u>**CERTIFICATE OF SERVICE**</u>

I certify I caused copies of the foregoing Defendants' Opposition to Plaintiff's Motion to Compel to be served by first class mail upon *pro se* Plaintiff at:

> Michael J. Webb
> Reg. No. 08789-084
> FCC Petersburg Camp
> P.O. Box 90027
> Petersburg, VA 23804

on this 24th day of September, 2007.


_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney